**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELAINE S. BENNETT,
Petitioner-Appellant,

v.                                                                No. 97-1540

COMMISSIONER OF INTERNAL REVENUE,
Respondent-Appellee.

Appeal from the United States Tax Court.
(Tax Ct. No. 96-8545)

Submitted: November 18, 1997

Decided: January 14, 1998

Before HALL and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Vernon E. Robbins, Cambridge, Maryland, for Appellant. Loretta C.
Argrett, Assistant Attorney General, Richard Farber, Kenneth W.
Rosenberg, Tax Division, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Elaine Bennett appeals from the tax court's decision finding her liable for excise taxes on an excess distribution from her retirement fund. Bennett challenges whether a transfer refund distribution from her retirement fund is subject to an excise tax under 26 U.S.C. § 4980A (1994) as an excess distribution. She asserts that the tax only applies to "retirement distributions" and since she did not retire, the statute does not apply to her. Finding no error, we affirm.

Bennett has worked for the state of Maryland since 1954. During most of her employment, she contributed to the Maryland State Employees' Retirement System ("the Retirement System"). In 1991, she transferred to the Maryland State Employees' Pension System ("the Pension System") at the suggestion of her employer. As a result of the transfer, she received a transfer refund of over $300,000.

Section 4980A imposes an excise tax on retirement distributions from qualified plans. It is undisputed that the Retirement System and the Pension System are qualified plans. Bennett asserts, however, that she did not receive a "retirement" distribution because she did not retire; she simply transferred from one system to the other. We disagree. This court recently held that transfer refunds from similar transfers were subject to the excise tax. See Powell v. Commissioner, ___ F.3d ___, 1997 WL 663137 (4th Cir. Oct. 16, 1997) (Nos. 96-2549, 96-255).

We further find that Bennett's reliance on the common use of the term "retire" is misplaced. The statute defines "retirement distributions" in pertinent part as a distribution made under "any qualified employer plan with respect to which such individual is or was the employee." § 4980A(e)(1)(A). We find that the use of the word "is" in the statute reflects Congress' intent to tax distributions made while the employee remains employed, as well as distributions made after the employee leaves the job.

We therefore affirm the tax court's decision. Having granted Appellant's unopposed motion to submit the appeal on the briefs, we

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED